## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
:
:
:
In re:                           : **Chapter 11**
:
**TRUMP ENTERTAINMENT RESORTS,**    : **Case No. 14–12103 (KG)**
**INC., et al.,**[1]
                               : **Jointly Administered**
            **Debtors.**           :
: **Requested Hearing Date: October 6, 2014 at 10:00 a.m. (ET)**
: **Requested Objection Deadline: October 1, 2014 at 4:00 p.m. (ET)**
---------------------------------------------------------x

## DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR SALE OF CERTAIN MISCELLANEOUS ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE

Trump Entertainment Resorts, Inc. and its above-captioned affiliated debtors and debtors in possession (each, a "**Debtor**," and collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), establishing procedures for the sale of certain of the Debtors' miscellaneous assets outside the ordinary course of business, free and clear of all liens, claims, interests and encumbrances. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Trump Entertainment Resorts, Inc. (8402), Trump Entertainment Resorts Holdings, L.P. (8407), Trump Plaza Associates, LLC (1643), Trump Marina Associates, LLC (8426), Trump Taj Mahal Associates, LLC (6368), Trump Entertainment Resorts Development Company, LLC (2230), TER Development Co., LLC (0425) and TERH LP Inc. (1184). The mailing address for each of the Debtors is 1000 Boardwalk at Virginia Avenue, Atlantic City, NJ 08401.

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code.

## BACKGROUND

2.      On September 9, 2014 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.      The Debtors have continued in possession of their properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No request has been made for the appointment of a trustee or examiner and no official committee has been established in these chapter 11 cases.

5.      Additional information about the Debtors' business and the events leading up to the Petition Date can be found in the *Declaration of Robert Griffin In Support of Debtors' Chapter 11 Petitions and First-Day Motions and Applications* [Docket No. 2] (the "**First Day Declaration**"),[2] which is incorporated herein by reference.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**RELIEF REQUESTED**

6.      By this Motion, the Debtors request the Court enter the Proposed Order, establishing procedures to sell certain assets outside of the ordinary course of their business free and clear of all liens, claims, interests and encumbrances, pursuant to sections 105 and 363 of the Bankruptcy Code.

**BASIS FOR RELIEF**

7.      As described more fully in the First Day Declaration, the Debtors determined prior to the Petition Date that a closure of the Trump Plaza Hotel and Casino (the "**Plaza**") was necessary and in the best interests of the Debtors' enterprise as a whole.  As such, the Debtors ceased normal business operations at the Trump Plaza as of September 16, 2014. Due to the wind-down of the Plaza and through the ordinary course of their operations, the Debtors have accumulated and are currently in possession of certain assets, including, but not limited to, gaming equipment, equipment, furniture, supplies, fixtures, and other miscellaneous personal property (collectively, the "**Miscellaneous Assets**"), that are not necessary for the operation of the Debtors' business.  In the exercise of their sound business judgment, the Debtors have determined that the prompt sale of the Miscellaneous Assets without the need for further Court approval, subject to certain notice procedures set forth herein, is in the best interest of the Debtors' stakeholders and will enable the Debtors to maximize the value of the Miscellaneous Assets.  The Debtors desire to sell the Miscellaneous Assets in order to, among other things, eliminate costs associated with maintaining unnecessary assets, including certain administrative expense payments relating to maintenance and storage, to free space in their facilities, and to raise funds for the estates.

01:16033517.4

8.     The Miscellaneous Assets have a relatively modest value in relation to the Debtors' overall business operations.  The Debtors believe that the sale procedures set forth below will conserve the resources of both this Court and the Debtors by avoiding the need for serial motions to approve relatively modest sales.  The Debtors submit that the entry of an order authorizing the sale of the Miscellaneous Assets without further notice or hearing, other than as set forth below, is warranted under these circumstances.

**A.     Procedures for Sale of the Miscellaneous Assets**

9.     In connection with the sale of the Miscellaneous Assets, the Debtors seek authorization to sell such Miscellaneous Assets pursuant to the following procedures (the "**Sale Procedures**"):

a)     If the sale consideration from a purchaser of the Miscellaneous Assets does not exceed $100,000, on a per-transaction basis, the Debtors may sell the assets upon providing written notice, via electronic mail or otherwise, to counsel to the First Lien Agent, which shall have seven (7) days from the receipt of such notice to inform the Debtors in writing that it objects to the proposed sale described in this subparagraph.  If no written objection is received from the First Lien Agent, the Debtors may consummate the sale without further notice to any other party or Order of the Court, other than the filing of a certification upon closing of the sale transaction, unless term such sale is to an insider, as that term is defined in section 101(31) of the Bankruptcy Code.  If a timely written objection is received from the First Lien Agent, the Debtors shall comply with the procedures set forth in subparagraph (e) below.

b)     If the sale consideration from a purchaser for the Miscellaneous Assets, on a per-transaction basis, exceeds $100,000 but is less than $1,000,000,[3] or if the sale is to an insider (as defined in section 101(31) of the Bankruptcy Code) in an amount less than $1,000,000 (a "**Proposed Sale**"), the Debtors will file with the Court a notice of such Proposed Sale (a "**Sale Notice**") and serve

---

[3]   Miscellaneous Asset sales where the sale consideration from a purchaser of Miscellaneous Assets, on a per-transaction basis, exceeds $1,000,000 are not covered by this Motion.  Approval of such sales will be sought by separate motion after notice and a hearing.  Alternatively, the Debtors reserve the right to seek, by separate motion, modification of any order authorizing the procedures described herein to increase the amounts authorized or to otherwise modify the authorized procedures.

such Sale Notice by overnight delivery, facsimile or hand delivery on the following parties:   (i) the Office of the United States Trustee; (ii) all known parties holding or asserting liens, claims, encumbrances or other interests in the Miscellaneous Assets being sold and their respective counsel, if known; (iii) counsel to any statutory committee of unsecured creditors appointed in these chapter 11 cases; and (iv) counsel to the First Lien Agent (collectively, the "**Notice Parties**").

c)      The Sale Notice, to the extent that the Debtors have such information, will include:  (i) a description of the Miscellaneous Assets that are the subject of the Proposed Sale; (ii) the location of the Miscellaneous Assets; (iii) the economic terms of sale; (iv) the identity of any non-Debtor party to the Proposed Sale and specify whether that party is an "affiliate" or "insider" as those terms are defined under section 101 of the Bankruptcy Code; (v) the identity of the party, if any, holding liens, claims, encumbrances or other interests in the Miscellaneous Assets; and (vi) a summary of the business justification for the Proposed Sale.

d)      The Notice Parties shall have seven (7) days (unless extended by agreement from the Debtors) after the Sale Notice is filed and served to advise the Debtors and counsel to the Debtors in writing with specific and particular bases that they object to the Proposed Sale described in such Sale Notice ("**Objection Deadline**").  If no written objection is received by the Objection Deadline, the Debtors may consummate the Proposed Sale without further notice or hearing and such Proposed Sale will be deemed fully authorized by the Court.

e)      If a written objection to a Proposed Sale is timely received by the Objection Deadline, the Debtors will not proceed with the Proposed Sale unless (i) the objection is withdrawn or otherwise resolved; or (ii) the Court approves the Proposed Sale at the next regularly scheduled omnibus hearing that is at least seven (7) days after receipt by the Debtors of a Notice Party's objection, or at the next omnibus hearing that is agreed to by the objecting party and the Debtors.

f)      All buyers will acquire the Miscellaneous Assets sold by the Debtors pursuant to these Sale Procedures on an "AS IS-WHERE IS" basis without any representations or warranties from the Debtors as to the quality or fitness of such assets for either their intended or any other purposes; provided, however, that buyers will take title to the Miscellaneous Assets free and clear of liens, claims, encumbrances and other interests pursuant to section 363(f)

of the Bankruptcy Code, with all such liens, claims, encumbrances and other interests, if any, to attach to the proceeds of the sale of the Miscellaneous Assets.

**B.      The Sale of the Miscellaneous Assets Represents an Exercise of the Debtors' Business Judgment**

10.      Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets prior to confirmation of a plan.  However, courts in this Circuit and others have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtors.  In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); see also Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.), 242 B.R. 147, 153 (D. Del. 1999); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 176 (D.D.C. 1991).

11.      The "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of business, namely, (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business, (b) that adequate and reasonable notice has been provided to interested persons, (c) that the debtors have obtained a fair and reasonable price, and (d) good faith. Abbotts Dairies, 788 F.2d 143; Titusville Country Club v. Pennbank (In re Titusville Country Club), 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); In re Sovereign Estates, Ltd., 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989).  A debtor's showing of a sound business purpose need not be unduly

01:16033517.4

exhaustive; rather, a debtor is "simply required to justify the proposed disposition with sound business reasons."  In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case.  Lionel, 722 F.2d at 1071; Montgomery Ward, 242 B.R. at 155 (approving funding of employee incentive and severance program; business purpose requirement fulfilled because stabilizing turnover rate and increasing morale were necessary to successful reorganization).

12.     Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the exercise of its section 105(a) power is proper.  In re Fesco Plastics Corp., 996 F.2d 152, 154 (7th Cir. 1993); Pincus v. Graduate Loan Ctr. (In re Pincus), 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002).  Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of a debtor's assets. See, e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); In re Cooper Props. Liquidating Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that the bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws.").

01:16033517.4

13.    There is more than ample business justification for the approval of the Sale Procedures and the sale of the Miscellaneous Assets in accordance with the Sale Procedures.  The Debtors submit that the sale of the Miscellaneous Assets will inure to the benefit of the Debtors' estates and creditors and, therefore, represents the exercise of the Debtors' sound business judgment.

14.    The Debtors' proposed sale of the Miscellaneous Assets is in "good faith" within the meaning of the <u>Abbotts Dairies</u> analysis.  The Debtors represent that no insider will gain an unfair advantage from the sales pursuant to the Sale Procedures.  Moreover, as set forth above, the Debtors will provide the Notice Parties with a reasonable opportunity to review the adequacy of the price to be received for any sale of Miscellaneous Assets with consideration in excess of $100,000, and counsel to the First Lien Agent will also receive notice of any sale at or below that amount.

15.    Bankruptcy Rule 2002(a)(2) generally requires a minimum of twenty-one (21) days' notice of proposed sales of estate property outside the ordinary course of business to be provided by mail to parties in interest "unless the court for cause shown shortens the time or directs another method of giving notice."  Fed. R. Bankr. P. 2002(a)(2).

16.    The Bankruptcy Code defines the notice and hearing requirement to mean such notice and opportunity for hearing "as is appropriate in the particular circumstances" of the case, including court approval of a sale of estate property without a hearing where appropriate notice is given and no party timely requests a hearing.  11 U.S.C. § 102(1).  Similarly, the court in <u>In re Lomas Fin. Corp.</u> held that notice is appropriate under section 102(1) of the Bankruptcy Code where it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  212 B.R.

46, 54 (Bankr. D. Del. 1997) (quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)).

17.     The notice and objection procedures contained in the Sale Procedures are reasonable and justified under the circumstances.  The Sale Procedures are designed to maximize the value realized from the sales of the Miscellaneous Assets.  Because the asset sales are expected to be of a relatively *de minimis* value, the usual process of obtaining Court approval of each individual sale would impose unnecessary administrative burdens on the Court, would be prohibitively expensive to the Debtors' estates, and in some instances may hinder the Debtors' ability to take advantage of sale opportunities that are available only for a limited time.

18.     Additionally, the manner of notice proposed in the Sale Procedures is more than appropriate and preserves parties' due process rights.  The Debtors will serve notice of each Proposed Sale on the Notice Parties as provided for in the Sale Procedures.  As such, all of the key constituencies in these cases and any party whose rights may be affected by a sale will receive adequate notice.

19.     Finally, as noted above, the "notice and a hearing" requirement contained in Bankruptcy Code section 363(b)(1) is satisfied absent a hearing where there is an opportunity for a hearing and no party in interest timely requests a hearing.  11 U.S.C. § 102(1).

**C.     The Sale of the Miscellaneous Assets Should be Approved under 11 U.S.C. § 363(f)**

20.     Pursuant to section 363(f) of the Bankruptcy Code, a debtor in possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if (i) such a sale is permitted under applicable non-bankruptcy law, (ii) the party asserting such a lien, claim or interest consents to such sale, (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property,

01:16033517.4

(iv) the interest is the subject of a *bona fide* dispute, <u>or</u> (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.  11 U.S.C. § 363(f); <u>see</u> <u>In re Elliot</u>, 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) written in disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met).

21.     The Debtors anticipate that the First Lien Agent will consent to the sales of the Miscellaneous Assets pursuant to the Sale Procedures.  Accordingly, the requirements of section 363(f) of the Bankruptcy Code would be met, and the proposed disposition of the Miscellaneous Assets should be approved "free and clear" of any such liens, claims or interests, with any such liens to attach to the proceeds of the sale.

22.     Relief of the type sought herein has been granted in this jurisdiction in other cases under similar circumstances.  <u>See, e.g.</u>, <u>In re Source Home Entertainment, LLC</u>, No. 14-11553 (KG); <u>In re Savient Pharmaceuticals, Inc.</u>, No. 13-12680 (MFW) (Bankr. D. Del. Dec. 17, 2013); <u>In re Rural/Metro Corporation</u>, No. 13-11952 (KJC) (Bankr. D. Del. Sept. 12, 2013); <u>In re Overseas Shipholding Grp., Inc.</u>, No. 12-20000 (PJW) (Bankr. D. Del. Aug. 26, 2013).

**D.     Bankruptcy Rule 6004(h) Should Be Waived**

23.     Bankruptcy Rule 6004(h) provides that an order authorizing the use, sale, or lease of property is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise.  The Debtors submit that the order approving the Sales Procedures, and any sale consummated pursuant to those procedures, be effective immediately. It is in the best interests of the Debtors' estates to facilitate the closing of these sale transactions, thereby expediting the flow of related sale proceeds into the estates.  Moreover, the often difficult task of securing a buyer will be facilitated by the Debtors' ability to quickly

consummate a sale transaction.  Accordingly, the Debtors submit that the fourteen-day stay set forth in Bankruptcy Rule 6004(h) should be waived in connection with all sales of Miscellaneous Assets pursuant to the Sale Procedures.

24.     For all of the reasons set forth above, the Debtors respectfully request that the Court authorize and approve the Sale Procedures as an exercise of the Debtors' sound business judgment.

**NOTICE**

25.     Notice of this Motion will be provided to:  (i) the U.S. Trustee; (ii) the Debtors' thirty (30) largest unsecured creditors; (iii) counsel to the First Lien Agent; and (iv) all parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**NO PRIOR REQUEST**

26.     The Debtors have not previously sought the relief requested herein from this or any other Court.

*Remainder of Page Left Blank Intentionally*

01:16033517.4

## CONCLUSION

WHEREFORE, the Debtors request entry of the Proposed Order, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: September 22, 2014          YOUNG CONAWAY STARGATT & TAYLOR, LLP
      Wilmington, Delaware

                               */s/ Ashley E. Markow*
                               Matthew B. Lunn (No. 4119)
                               Robert F. Poppiti, Jr. (No. 5052)
                               Ian J. Bambrick (No. 5455)
                               Ashley E. Markow (No. 5635)
                               Rodney Square
                               1000 N. King Street
                               Wilmington, Delaware 19801
                               Telephone:  (302) 571-6600
                               Facsimile:  (302) 571-1253

                               -and-

                               STROOCK & STROOCK & LAVAN LLP
                               Kristopher M. Hansen
                               Erez E. Gilad
                               Gabriel E. Sasson
                               180 Maiden Lane
                               New York, New York 10038-4982
                               Telephone:  (212) 806–5400
                               Facsimile:  (212) 806-6006

                               *Proposed Counsel for the Debtors*
                               *and Debtors in Possession*