## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUMP ENTERTAINMENT RESORTS, | ) | Case No. 14-12103 (KG) |
| INC., *et al.*, | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **RE: D.I. 1253, 1290** |
| | ) | |
| | ) | **Obj. Deadline: June 4, 2015 @ 4:00 p.m.** |
| | ) | **Hearing Date: June 17, 2015 @ 2:00 p.m.** |

### MOTION OF CLAIMANT BAR AC, LLC FOR RECONSIDERATION OF ORDER PURSUANT TO 11 U.S.C. § 502(j) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3008, OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024

Bar AC, LLC ("Bar AC"), by and through undersigned counsel, hereby files this Motion For Reconsideration Of Order Pursuant to 11 U.S.C. § 502(j) and Federal Rule of Bankruptcy Procedure 3008, Or In The Alternative Motion For Relief From Order Pursuant To Federal Rule Of Bankruptcy Procedure 9024 (the "Motion"), with regard to this Court's Order dated May 8, 2015 (the "Order"), and in support thereof avers as follows:

### PRELIMINARY STATEMENT

Through the instant Motion, Bar AC seeks relief from the Order of May 8, 2015 in which this Honorable Court granted the Debtors' Seventh (7th) Omnibus Objection To Claims Pursuant To Section 502 Of The Bankruptcy Code, Bankruptcy Rule 3007 And Local Rule 3007-1 ("Omnibus Objection") as it pertains specifically to Bar AC. However, Bar AC never received the Omnibus Objection and, therefore, did not file a timely response to same. On May 8, the Court entered its Order under a certificate of no objection and without holding a hearing, which was scheduled for May 21, 2015 at 10:30 a.m. Bar AC asserts that the Debtors' basis for the

relief sought as to Bar AC is predicated on a mistake of fact, and, thus, the Court considered erroneous facts in entering the Order.  Therefore, in order to prevent a manifest injustice, the Order should be amended to deny the Omnibus Objection as to Bar AC should be entered.

In the alternative, Bar AC requests that this Court grant Bar AC relief from the Order pursuant to Fed. R. Bankr. P. 9024 due to Bar AC's excusable neglect and vacate the Order.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Fed. R. Bankr. P. 3008 and Fed. R. Civ P. 60, incorporated into this bankruptcy proceeding through Fed. R. Bankr. P. 9024.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

2.      On September 9, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

3.      On October 22, 2014, the Court entered an order [Docket No. 336] (the "Bar Date Order") providing that, except as otherwise provided therein, all parties asserting a claim against the Debtors, including claims under section 503(b)(9) of the Bankruptcy Code and priority claims must file a proof of such claim so that it is actually received on or before 5:00 p.m. on November 24, 2014.

4.      Bar AC timely filed its claim on November 21, 2014 (the "Bar AC Claim") for

amounts owed to it from the Debtors pursuant to the Management Agreement dated May 8, 2014.  Specifically, the Debtors owe Bar AC no less than $47,174.39 for liquor and liquor related costs.  A true and correct copy of the Bar AC Claim is attached hereto as <u>Exhibit A</u>.

5.      The Debtors filed the Omnibus Objection on April 21, 2015 in which they asserted that "[t]he claimant is not entitled to any amounts from the Debtors and their estates on account of amounts allegedly credited to the Debtors by alcohol distributors, alcohol abandoned by the claimant or otherwise."

6.      The response deadline for the Omnibus Objection was May 5, 2015.

7.      The Court entered the Order on May 8, 2015.

<b><u>RELIEF REQUESTED</u></b>

8.      Bar AC respectfully requests that this Court reconsider the Order entered on May 8, 2015 due to a mistake of fact and amend the order to deny the Omnibus Objection as to Bar AC.  In the alternative, Bar AC respectfully requests that this Court vacate the Order pursuant to Fed. R. Bankr. P. 9024.

<b><u>BASIS FOR RELIEF REQUESTED</u></b>

A.  Sufficient Cause Exists For This Court To Modify The Order
    <u>To Deny The Omnibus Objection As To Bar AC</u>

9.      Section 502(j) of the Bankruptcy Code states that "[a] claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."  Fed. R. Bankr. P. 3008 implements this section of the Bankruptcy Code by providing that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate.  The court after a hearing on notice shall enter an appropriate order."

3

10.     While neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define "cause" for purposes of section 502(j), courts have found that where a motion under Fed. R. Bankr. P. 3008 is made within the now fourteen (14) day appeal period, the analysis of whether cause exists to grant such motion should be the same analysis courts employ when evaluating a motion brought under Fed. R. Bankr. P. 9023.  See In re SCBA Liquidation, Inc., 485 B.R. 153, 159-60 (Bankr. W.D. Mich. 2012).

11.     Fed. R. Civ. P. 59 is incorporated into this proceeding by Fed. R. Bankr. P. 9023. As set forth in Fed. R. Bankr. P. 9023, "[a] motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."  Fed. R. Bankr. P. 9023.  "A claimant can invoke the rule to direct a court's attention to matters such as . . . a manifest error of law or fact.  The rule essentially enables a . . . court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."  Russell v. Delco Remy, 51 F.3d 746, 749 (7th Cir. 1995) (citations omitted).  As noted by the Third Circuit, "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: . . . the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  "Manifest injustice requires 'misapprehension of the law or mistake of fact.'"  Madison Foods, Inc. v. Fleming Cos. (In re Fleming Cos.), Case No. 04-53402, 2005 Bankr. LEXIS 833, at *6 (Bankr. D. Del. May 10, 2005) (citing In re Winer, 39 B.R. 504, 512 (Bankr. S.D.N.Y. 1984)).

12.     In this case, the Order should be amended to deny the Omnibus Objection as to Bar AC in order to prevent manifest injustice.  The Order was entered under the premise that the facts represented by the Debtors in the Omnibus Objection are correct.  Specifically, that Bar AC's Claim should not be allowed because "[t]he claimant is not entitled to any amounts from

4

the Debtors and their estates on account of amounts allegedly credited to the Debtors by alcohol

distributors, alcohol abandoned by the claimant or otherwise." However, in actuality, Bar AC's

Claim should be allowed as it is a valid administrative claim pursuant to the agreements between

the Debtors and Bar AC.

13.    In accordance with the agreements between the Debtors and Bar AC, Bar AC paid

for alcohol to be used by it during the summer season. The Debtors agreed that, at the

conclusion of the summer season, the Debtors would buy back any remaining unused alcohol for

its own use. Similarly, in an effort to reduce the Debtors' buy back obligation, Bar AC would

return a certain portion of the unused alcohol that Bar AC paid for to suppliers in exchange for

supplier credits. Since Bar AC had paid for the returned alcohol, Bar AC was entitled to any

such credits. In this case, and contrary to the Debtors' assertion in the Omnibus Objection, after

the Petition Date, Bar AC returned most of the unused alcohol to the Debtors in exchange for

anticipated payment. Additionally, Bar AC returned some of the alcohol to suppliers in

exchange for anticipated credits belonging to Bar AC, which were in fact provided to Debtors,

not Bar AC. Bar AC never abandoned the alcohol to the Debtors, nor did Bar AC intend for the

Debtors to retain the supplier credits.

14.    The facts of this case warrant Bar AC being granted an administrative priority

claim in the amount of $47,174.39, as set forth in the Bar AC Claim. In order for a claimant to

be entitled to an administrative priority claim, "(1) the expense must have arisen from a post-

petition transaction between [the claimant] and the Debtors, and (2) the transaction must have

substantially benefitted the Debtors." See WM Inland Adjacent LLC v. Mervyn's LLC (In re

Mervyn's Holdings, LLC), Case No. Case No. 08-11586, 2013 Bankr. LEXIS 67 at *24 (Bankr.

D. Del. Jan. 8, 2013). As set forth in the Bar AC Claim, the amounts owed to Bar AC arose on

or after September 19, 2014 (with the alcohol being given to the Debtors in anticipation of payment on September 26, 2014), after the Petition Date.  In addition, the Debtors obtained a large amount of alcohol and supplier credits for which it has not paid Bar AC.  The Debtor is now in possession of such alcohol and credits, and it is able to substantially mark up the price of the subject alcohol and sell it at the Debtors' own locations, realizing a large profit and thus substantially benefiting the Debtors.  Therefore, it is clear that under the facts of this case, Bar AC is entitled to an administrative priority claim, and, in order to prevent a manifest injustice, the Order should be modified to deny the Omnibus Objection as to Bar AC and allow Bar AC's claim.

      B.   In The Alternative, The Order Should Be Vacated Pursuant To
           Fed. R. Civ. P. 60, As Incorporated By Fed. R. Bankr. P. 9024

      15.    Fed. R. Civ. P. 60(b) states in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect…

Fed. R. Civ. P. 60(b).  Fed. R. Bankr. P. 9024 incorporates Fed. R. Civ. P. 60 into bankruptcy proceedings.

      16.    Courts have consistently noted that "[t]here is . . . a strong preference that courts resolve disputes on their merits.  Indeed, courts resolve any doubts in favor of the movant in order to increase the likelihood that disputes will be resolved on their merits."  In re Enron, 325 B.R. 114, 118 (Bankr. S.D.N.Y. 2005) (citing Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1077 (2d Cir. 1995)), Pecarsky v. Galaziworld.Com Ltd., 249 F.3d 167, 172 (2d Cir. 2001).  It is in

light of this backdrop that courts have analyzed motions brought pursuant to Fed. R. Civ. P. 60(b)(1).

17.    As stated by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), a court's determination of whether relief under Rule 60(b)(1) should be granted is "an equitable one 'tak[ing] account of all relevant circumstances . . . .'" Pro-Tec Services, LLC v. Inacom Corp. (In re Inacom Corp.), No. 00-2426, 2004 U.S. Dist. LEXIS 20822 (D. Del. Oct. 4, 2004) (quoting Pioneer, 507 U.S. at 395). "Accordingly, excusable neglect is not 'limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.'" In re Garden Ridge Corp., 348 B.R. 642, 645 (Bankr. D. Del. 2006) (quoting Pioneer, 507 U.S. at 391).

18.    In deciding a Rule 60(b)(1) motion, a court should consider four factors: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395; Manus Corp. v. NRG Energy, Inc. (In re O'Brien Environmental Energy, Inc.), 188 F.3d 116, 125 (3d Cir. 1999). As the Third Circuit has noted, "[a]ll factors must be considered and balanced; no one factor trumps the others." Hefta v. Official Comm. Of Unsecured Creditors (In re American Classic Voyages Co.), 405 F.3d 127, 133 (3d Cir. 2005).

19.    With regard to the first factor – "the danger of prejudice to the debtor" – the Third Circuit and other courts have noted that "prejudice is not merely the loss of an advantageous position, but must be something more closely tied to the merits of the issue." O'Brien, 188 F.3d at 127. Additionally, "prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." Id. Furthermore, "the value of finality in

judicial proceedings is not sufficient for a finding of prejudice."  Inacom, 2004 U.S. Dist. LEXIS

20822, at *18.  Given the foregoing, "the relevant factors for analysis of prejudice under O'Brien

include: whether the debtor was surprised or caught unaware by the assertion of a claim that it

had not anticipated;  . . . whether allowance of the claim would adversely impact the debtor

actually or legally; and whether allowance of the claim would open the floodgates to other future

claims."  Inacom, 2004 U.S. Dist. LEXIS 20822, at *12-13.

20.     The Debtors in this case cannot be surprised by Bar AC's assertion of the validity

of its claim, given that Bar AC filed its claim in the first instance.  The allowance of Bar AC's

claim would not adversely impact the Debtors.  The amount of Bar AC's Claim is relatively low,

and, given the size of these bankruptcy cases, will not alter the case in any way.  Allowance of

Bar AC's Claim will not open the floodgates to other claims.  Claimants have already filed their

claims and the bar date has passed.

21.     With regard to the second factor – "length of delay and potential impact on

judicial proceedings" – Bar AC submits that this factor weighs in favor of finding excusable

neglect.  The fact that Bar AC did not respond to the Omnibus Objection is not dispositive.  See

Inacom, 2004 U.S. Dist. LEXIS 20822, at *22 ("Nowhere in Pioneer or O'Brien do the Supreme

Court or the Third Circuit find that failure to respond, in and of itself, weighs in favor of denying

the Claim.").  The Order was only entered thirteen (13) days ago, on May 8, and the scheduled

hearing date on the Omnibus Objection is contemporaneous to the filing of this Motion (May 21,

2015).  As such, there can be no impact on these proceedings.

22.     With regard to the third factor – "reason for the delay" – Bar AC represents that it

never actually received a copy of the Omnibus Objection.  Bar AC only became aware of the

Omnibus Objection and the Order within the past few days after counsel for Bar AC discovered

8

that the Order had been entered in the course of a search regarding a rejection damages bar date. Even if it is true that Bar AC was served with the Omnibus Objection, "the concept of excusable neglect clearly anticipates neglect on the part of the party seeking to be excused." Inacom, 2004 U.S. Dist. LEXIS 20822, at *24 (citing Pioneer, 507 U.S. at 388; O'Brien, 188 F.3d at 128).

23.    Finally, with regard to the fourth factor – "good faith" – there is no indication whatsoever that Bar AC acted in anything but good faith. Bar AC did not intentionally allow the Order to be entered unopposed. As soon as Bar AC was made aware of the Omnibus Objection and Order, Bar AC filed this Motion.

WHEREFORE, for the foregoing reasons, Bar AC respectfully requests that this Court enter an order (i) amending the Order and denying the Omnibus Objection as to Bar AC; or in the alternative (ii) vacating the Order; and (iii) granting such other relief as is just and proper.


Dated: May 21, 2015                  Respectfully submitted,


                                     GELLERT SCALI BUSENKELL & BROWN, LLC


                                     /s/ Ronald S. Gellert
                                     Ronald S. Gellert (DE 4259)
                                     Brya M. Keilson (DE 4643)
                                     913 N. Market Street, 10th Floor
                                     Wilmington, Delaware 19801
                                     (302) 425-5800 (Telephone)
                                     (302) 425-5814 (Facsimile)
                                     rgellert@gsbblaw.com

                                     *Counsel for Bar AC, LLC*