## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRUMP ENTERTAINMENT | ) | Case No. 14-12103(KG) |
| RESORTS, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | **Re Dkt No. 759** |

## MEMORANDUM OPINION REGARDING
## MOTION OF UNITE HERE HEALTH FOR ALLOWANCE OF
## ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

UNITE HERE HEALTH ("UHH") provided health and welfare benefits to members of UNITE HERE Local 54 (the "Union").  The Union and Trump Taj Mahal Associates, LLC ("Debtor") were parties to a collective bargaining agreement (the "CBA").  On October 18, 2012, the Union's trustees adopted the Seventh Amended and Restated Agreement and Declaration of Trust Governing UNITE HERE (the "Trust Agreement") which provided that UHH would provide medical and disability benefits for Union members.

On September 9, 2014 (the "Petition Date"), the Debtor and affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*  Following the bankruptcy filing, Debtor filed its Motion for Entry of Order (I) Rejecting Collective Bargaining Agreement between Trump Taj Mahal Associates, LLC and UNITE HERE Local 54 Pursuant to 11 U.S.C. Section 1113(c) and (II) Implementing Terms of Debtors' Proposal Under 11 U.S.C. Section 1113 (b) (the "CBA Motion").  On October 17, 2014, the Court entered an Order granting the CBA Motion (the "CBA Order").  Pursuant to the CBA Order, the Debtor was authorized to reject the CBA *nunc pro tunc* to September

26, 2014, the date when Debtor filed the CBA Motion.

UHH provided uninterrupted health and welfare benefits through October 31, 2014. UHH estimates that Debtor owes it $806,365.24, plus audited amounts for unpaid health care contributions from the Petition Date through October 31, 2014. UHH casts its claim and seeks payment pursuant to Section 503 (b)(1)(A) of the Bankruptcy Code (the "Motion").[1]

Debtor and Icahn Agency Services, LLC, Icahn Partners LP, Icahn Partners Master Fund LP, and IEH Investments I LLC (the "First Lien Parties") object to the Motion. The Debtor argues that: (1) the CBA Order relieved Debtor of liability or obligation *nunc pro tunc* to September 26, 2014 and (b) the payment for the October contribution (the subject matter of the administrative claim) was not required to be made until after the entry of the CBA Order. Debtor argues that any costs which UHH incurred did not confer any benefit upon Debtor's estate to qualify as an administrative expense. The First Lien Parties further argue that UHH was not a party to the CBA and has not established its status as a creditor of Debtor. The Court will resolve the dispute.

## DISCUSSION

### A. Notice

UHH was not served with the CBA Motion, and argues that it had no knowledge of the retroactive relief which Debtor requested in the CBA Motion and therefore did not

---

[1] Section 503(b)(1)(A) provides that an Administrative expense claim "shall be allowed for wages and benefits which are the "actual, necessary costs and expenses of preserving the estate . . . ."

object to the CBA Motion.  As Debtor and the First Lien Parties argue and the Court finds, UHH had actual notice of the CBA Motion and therefore the fact that UHH was not served with the CBA Motion is of no moment.

UHH conceded that it knew in September 2014 that Debtor was requesting retroactive rejection of the CBA.  Ms. Andrea Flaherty, an in-house attorney for UHH, testified at her Rule 30(b)(6) deposition that UHH knew that Debtor was seeking to reject the CBA on or about September 26, 2014.  Flaherty Dep. Tr. 41:12-42:11.  There is also an email from Ms. Flaherty, dated September 14, 2014 (almost two weeks before the filing of the CBA Motion) in which she indicates on behalf of UHH that, "We have been monitoring [Trump Taj Mahal] closely."  DX 3.  Debtor's law firm also sent UHH a copy of the Union Motion by e-mail, dated September 26, 2014, the day Debtor filed the Union Motion.  DX 4.  In addition, Union representatives were also UHH Trustees.  Mr. C. Robert McDevitt was the Union President and a UHH Trustee.  Mr. D. Taylor, President of UNITE HERE, was a UHH Trustee.  They received email notice of the CBA Motion.  DX 4.  Ms. Donna DeCaprio, the Union Financial Secretary Treasurer, was a UHH Trustee.  To be clear, Debtor formally served the CBA Motion on the Union and sent a copy by email in addition. As Debtor points out, it would strain credulity for UHH to argue successfully that it did not have knowledge through the UHH Trustees of the CBA Motion and that Debtor sought *nunc pro tunc* treatment.  Additionally, the Union Motion and actions the Union took in response were fully reported in the press.  UHH had actual knowledge of the CBA Motion and cannot rely on the fact that Debtor did not serve it with the CBA Motion.  *See In re*

*Pioneer Inv. Servs. Co.*, 106 B.R. 510, 513-16 (Bankr. E.D. Tenn. 1989); *In re Westbay, Case No. 09-81889*, 2011 WL 2708469, at *3 (Bankr. C.D. Ill. July 11, 2011). *See also United Student Aid Funds v. Espinosa*, 559 U.S. 260, 275 (2010) (order enforceable because creditor had actual notice and failed to object or file timely appeal).

## B. Substantive Claim[2]

UHH seeks administrative payment for October 2014. Payment for the October contribution was not due until November 15, 2014. CBA ¶ 15.1 (A). A debtor is not responsible for obligations that arise post-rejection of a contract. "[R]ejection is to relieve a debtor from future performance under the contract. . . ." *In re Taylor -Wharton Int'l LLC*, Case No. 09-14089, 2010 WL 4862723 at *3 (Bankr. D. Del. Nov. 23, 2010); *Comair, Inc. v. Air Line Pilots Association, Int'l (In re Delta Air Lines, Inc.)*, 359 B.R. 491, 506 (Bankr. S.D.N.Y. 2007) (Section 113 is "forward-looking", and rejection terminates the debtor's obligation to comply with the agreement, freeing the debtor to implement new terms and conditions to enable debtor to reorganize.); *see also* 3 Collier on Bankruptcy ¶ 365.03 [1] (15th ed. rev.).

The burden of establishing an entitlement to an administrative claim is on the claimant to prove that the expense (1) arises from a post-petition transaction and (2) is beneficial to the debtor in operating its business. *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999). The party seeking an administrative claim has the "heavy burden of demonstrating that the costs and fees for

---

[2] For the purpose of deciding the Motion, the Court will assume, without deciding, that UHH is a creditor of Debtor.

which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets." *Calpine Corp.*, 181 F.3d at 533. The reason for the strict rule is that unless the estate benefitted, "the administrative claim results in unnecessary depletion of assets to the detriment of all creditors." *In re Cont'l Airlines*, 146 B.R. 520, 526 (Bankr. D. Del. 1992).

What is again clear is that the CBA Order terminated Debtor's obligation to perform under the CBA, and therefore under the Trust Agreement, as of September 26, 2014. The rejection of the CBA relieved Debtor of the future obligations to perform under the CBA and the Trust Agreement. *See, e.g, In re HQ Global Holdings, Inc.*, 290 B.R. 507, 512-13 (Bankr. D. Del. 2003); *In re Delta Air Lines, Inc.*, 359 B.R. at 505-06.

The underpinning of the CBA Order was that the Debtor's proposal would provide alternative healthcare to Union members. This eliminates any claim that UHH was preserving the Debtor's estate. In fact, the alternative healthcare proposal was necessary to avoid liquidation of Debtor's estate, thereby further refuting any claim by UHH that its services were an actual, necessary cost of preserving Debtor's estate.

## CONCLUSION

The foregoing findings and discussion make it clear that UHH is not entitled to an administrative claim. Accordingly, the Court denies the Motion.

Dated: January 20, 2016

_____

KEVIN GROSS, U.S.B.J.